# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| AVIONIQS, LLC,<br><br>                    Plaintiff,<br>v.<br><br>ROCKWELL COLLINS, INC.,<br><br>                    Defendant. | Case No. 3:15-cv-1180<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Avioniqs, LLC files this Complaint against Defendant Rockwell Collins, Inc., for infringement of United States Patent No. 7,688,214 (the "'214 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Avioniqs, LLC ("Plaintiff" or "Avioniqs") is a Texas limited liability company with its principal office located in Texas, at 719 W. Front Street, Suite 211, Tyler, Texas 75702.

4. Upon information and belief, Defendant Rockwell Collins, Inc. ("Defendant"), is a corporation organized and existing under the laws of Delaware, with a principal office located at 400 Collins Road NE, Cedar Rapids, Iowa 52498. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the

state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. Upon information and belief, Defendant's products that are alleged herein to infringe were and continue to be sold, offered for sale and used in the Northern District of Texas.

**VENUE**

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 7,688,214)**

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '214 Patent with sole rights to enforce the '214 Patent and sue infringers.

10. A copy of the '214 Patent, titled "Weather Warning System and Method," is attached hereto as Exhibit A.

11. The '214 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '214 Patent, including at least claims 6 and 12, by making, selling, offering for sale, and using weather radar systems for detecting the occurrence of a weather condition (the "Accused Products"). The Accused Products include, without limitation,

Defendant's WXR-2100 MultiScan Threat Detection Radar 2011 and the MultiScan Threat Track Radar systems.

13. Additionally, Defendant is liable for indirect infringement of the '214 Patent because it induces and/or contributes to the direct infringement of the '214 Patent by its customers and other end users of the Accused Products.

14. Defendant has had knowledge of the '214 Patent at least as early as February or early March 2015, when Defendant received from certain airlines copies of Complaints filed by Plaintiff against such airlines in this Court, along with requests for indemnification.

15. Upon information and belief, despite having knowledge of the '214 Patent, Defendant has and continues to specifically intend for persons who acquire and use the Accused Products, including airplane manufacturer customers of Defendant and airline customers of Defendant, to use the Accused Products in a manner that infringes one or more claims of the '214 Patent, including at least claims 6 and 12. Defendant knew or should have known that its actions, including without limitation instructing customers and end users regarding use of the Accused Products, have and continue to actively induce infringement of the '214 Patent.

16. Upon information and belief, Defendant knows and has known that the Accused Products contribute to infringement of the '214 Patent by persons who acquire and use the Accused Products and/or incorporate the Accused Products into an airplane, including airplane manufacturer customers of Defendant and airline customers of Defendant. With respect to these allegations of contributory infringement, the Accused Products become a material component or part of the airplane, the Accused Products are made or especially adapted for use in infringement of the '214 Patent, and the Accused Products have no substantial non-infringing uses other than providing a weather warning system and method as described in the '214 Patent. Accordingly,

Defendant has and continues to contribute to infringement of at least claims 6 and 12 of the '214 Patent.

17. Upon information and belief, despite having knowledge of the '214 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '214 Patent, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Thus, Defendant's infringing activities relative to the '214 Patent have been, and continue to be, willful, wanton and deliberate in disregard of Plaintiff's rights.

18. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,688,214 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e) Award Plaintiff pre-judgment and post-judgment interest and costs; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  April 17, 2015                                    Respectfully submitted,

    */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
214-785-6014
craig@tadlocklawfirm.com
john@tadlocklawfirm.com

***Attorneys for Plaintiff Avioniqs, LLC***